MAZIN A. SBAITI, ESQ.
CA Bar No. 275089
mas@sbaitilaw.com
SBAITI & COMPANY PLLC
2200 Ross Ave – Suite 4900W
Dallas, Texas 75201
T: (214) 432-2899
F: (214) 853-4367
*Counsel for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BLACK MOUNTAIN EQUITIES, INC., <br><br> *Plaintiff*, <br><br> vs. <br><br> TWO RIVERS WATER & FARMING COMPANY, <br><br> *Defendant*. | Case No. **'21CV0571 JLS BGS** <br><br> **ORIGINAL COMPLAINT FOR BREACH OF CONTRACT** |

### I.
### INTRODUCTION

1. Plaintiff Black Mountain Equities, Inc. ("**Black Mountain**") is a financial institution who works with small businesses in need of capital to help grow their businesses and allow them to flourish. It is a critical component in the world of finance as many businesses, such as Defendant Two Rivers Water & Farming Company ("**Two Rivers**"), are in need of investment capital, but lack the requisite historical performance and financial stability to appeal to larger financial institutions—in other words, they are very risky bets.

2. Two Rivers is a publicly traded entity (ticker symbol "TURV") that sought to raise capital for continuing operations and growth of its business.

3. On April 26, 2017, Black Mountain and Two Rivers entered into a Promissory Note under which Black Mountain lent, and Two Rivers agreed to repay, $330,000 in principal.

4. Two Rivers later requested an extension on the maturity date of the note. In exchange for this extension, and other valuable consideration, Black Mountain and Two Rivers entered into the Amendment to Promissory Note, a true and correct copy of which is attached hereto as **Exhibit A**.

5. As part of the consideration for the amendment, Two Rivers issued Black Mountain a Warrant to Purchase Shares of Common Stock, a true and correct copy of which is attached hereto as **Exhibit B** (the "**Warrant**").

6. The Warrant originally granted Black Mountain the option to purchase 146,000 shares of Two Rivers common stock at an exercise price of $1 per share.

7. However, the Warrant also contains an industry standard anti-dilution and best-pricing provision that adjusts the Exercise Price of $1 per share downwards to match the price of any later-issued Two Rivers common stock, or common stock equivalents. This language (Section 5.2 of the Warrant) is necessary to preserve the value of Two Rivers' promise to Black Mountain; otherwise, Black Mountain could simply issue a million shares of its stock to a third party at a penny per share and dilute the value of Black Mountain's option to purchase $146,000 of Two Rivers stock to an amount far less than $146,000. Hereafter, Section 5.2 of the Warrant is referred to as the "**Anti-Dilution Provision**."

8. In 2020, Two Rivers issued common stock to a third party, Auctus Fund, at a price of $0.02256 per share.

9. This meant that under the Anti-Dilution Provision, Black Mountain automatically obtained the right to obtain $146,000 of Two Rivers' common stock at an Adjusted Exercise Price of $0.02256 (the same price granted to Auctus Fund).

10. On March 24, 2021, Black Mountain issued Two Rivers an Exercise Notice under its Warrant requesting issuance of 6,471,632 common shares of Two Rivers at the Adjusted Exercise Price of $0.02256 per share. A true and correct copy of this Notice of Exercise is attached hereto as **Exhibit C**.

11. Two Rivers failed to honor the Notice of Exercise, and thereby materially breached the terms of the Warrant.

## II.
## THE PARTIES

1. Plaintiff Black Mountain Equities, Inc. is a California corporation with its principal place of business in San Diego, California.

2. Defendant Two Rivers Water & Farming Company is a Colorado corporation with its principal place of business in Pueblo, Colorado and can be served with process through its registered agent Two Rivers Water & Farming Company, 140 W. 29th Street, Suite 221, Pueblo, CO 81008.

## III.
## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332 (diversity jurisdiction). Complete diversity of citizenship exists between Plaintiff and Defendant and the amount in controversy exceeds $75,000.

4. Venue and personal jurisdiction over the Defendant is proper in this Court under 28 U.S.C. § 1391 because the parties agreed to submit any dispute to the jurisdiction of any state or federal court sitting in San Diego, California pursuant to Paragraph 12 of the Warrant. Black Mountain is headquartered in San Diego and there is a sufficient connection between this dispute and San Diego to make this choice-of-venue and consent-to-jurisdiction clause enforceable.

## IV.

## FACTUAL BACKGROUND

5. At issue in this lawsuit is a Warrant to Purchase Shares of Common Stock (the "**Warrant**," **Exhibit B** hereto).

6. On April 26, 2017, Black Mountain and Two Rivers originally entered into a Promissory Note under which Black Mountain lent, and Two Rivers agreed to repay, $330,000 in principal. As noted above, Black Mountain acts as a lender to businesses who frequently are unable to obtain financing from major financial institutions. It places relatively "risky bets" on businesses it analyzes and believes will perform, and in the process serves a valuable role in the financial industry, making capital available to numerous successful businesses who would have been shut out were lenders such as Black Mountain not available to finance their operations.

7. Two Rivers later requested an extension on the maturity date of the note. In exchange for this extension, and other valuable consideration, Black Mountain and Two Rivers entered into the Amendment to Promissory Note, a true and correct copy of which is attached hereto as **Exhibit A**.

8. As part of the consideration for the amendment, Two Rivers issued Black Mountain a Warrant to Purchase Shares of Common Stock, a true and correct copy of which is attached hereto as **Exhibit B** (the "**Warrant**").

9. The Warrant originally granted Black Mountain the option to purchase 146,000 shares of Two Rivers common stock at an exercise price of $1 per share.

10. However, the Warrant also contains an industry standard anti-dilution and best-pricing provision that adjusts the Exercise Price of $1 per share downwards to match the price of any later-issued Two Rivers common stock, or common stock equivalents (the "**Anti-Dilution Provision**"). The Anti-Dilution Provision provides as follows:

> 5.2.  **Subsequent Equity Sales.** If the Company or any Subsidiary thereof, as applicable, at any time while this Warrant is outstanding, shall sell or grant any option to purchase, or sell or grant any right to reprice, or otherwise dispose of or issue (or announce any offer, sale, grant or any option to purchase or other disposition) any Common Stock or Common Stock Equivalents entitling any person to acquire shares of Common Stock, at an effective price per share less than the then Exercise Price (such lower price, the "**Base Share Price**" and such issuances collectively, a "**Dilutive Issuance**") (if the holder of the Common Stock or Common Stock Equivalents so issued shall at any time, whether by operation of purchase price adjustments, reset provisions, floating conversion, exercise or exchange prices or otherwise, or due to warrants, options or rights per share which are issued in connection with such issuance, be entitled to receive shares of Common Stock at an effective price per share which is less than the Exercise Price, such issuance shall be deemed to have occurred for less than the Exercise Price on such date of the Dilutive Issuance), then the Exercise Price shall be reduced (and only reduced) to equal the Base Share Price and the number of Warrant Shares issuable hereunder shall be increased such that the Aggregate Exercise Price Payable hereunder, after taking into account the decrease in the Exercise Price, shall be equal to the Aggregate Exercise Price Payable prior to such adjustment.. Such adjustment shall be made whenever such Common Stock or Common Stock Equivalents are issued.  The Company shall notify the Holder in writing, no later than the Trading Day following the issuance of any Common Stock or Common Stock Equivalents subject to this Section 5.2, indicating therein the applicable issuance price, or applicable reset price, exchange price, conversion price and other pricing terms (such notice the "**Dilutive Issuance Notice**"). For purposes of clarification, whether or not the Company provides a Dilutive Issuance Notice pursuant to this Section 5.2, upon the occurrence of any Dilutive Issuance, after the date of such Dilutive Issuance the Holder is entitled to receive a number of Warrant Shares based upon the Base Share Price regardless of whether the Holder accurately refers to the Base Share Price in the Notice of Exercise.  No adjustment will be made for shares issued to Water Redevelopment Co.
>
> Initial: 

11. Under the terms of the Warrant, Black Mountain is entitled to exercise its Warrant by either (i) paying the Aggregate Exercise Price Payable of $146,000 or by (ii) exercising for fewer shares according to the formula provided in the warrant (a "**Cashless Exercise**").  See **Exhibit B**, at 2, § 2.1(b).  In essence, the Cashless Exercise provision allows Black Mountain to trade some of the shares it would have received had it paid $146,000 for a reduced number of shares "making up" the $146,000 difference.  See id.  The net economic effect on Two Rivers is the same, but this provision allows Black Mountain to exercise the Warrant without making an actual cash payment to Two Rivers.

12. In 2020, Two Rivers issued common stock to a third party, Auctus Fund, at a price of $0.02256 per share.

ORIGINAL COMPLAINT FOR BREACH OF CONTRACT                                                      PAGE 5

13. This meant that under the Anti-Dilution Provision, Black Mountain automatically obtained the right to obtain $146,000 of Two Rivers' common stock at an Adjusted Exercise Price of $0.02256 (the same price granted to Auctus Fund).

14. On March 24, 2021, Black Mountain issued Two Rivers an Exercise Notice under its Warrant requesting a Cashless Exercise issuance of 6,471,632 common shares of Two Rivers at the Adjusted Exercise Price of $0.02256 per share. A true and correct copy of this Notice of Exercise is attached hereto as **Exhibit C**.

15. Two Rivers failed to honor the Notice of Exercise, and thereby materially breached the terms of the Warrant.

## V.
## CAUSES OF ACTION

### First Cause of Action: Breach of Contract

16. The foregoing allegations are incorporated by reference as if fully set forth herein.

17. The Warrant represents a valid and binding contract between Plaintiff and Defendant.

18. All conditions precedent for Plaintiff's exercise of the Warrant have been satisfied.

19. Plaintiff validly exercised its Warrants under the Cashless Exercise provision, entitling Plaintiff to 6,471,632 shares under the Warrant, at the Adjusted Exercise Price of $0.02256 per share.

20. Defendant failed to honor Plaintiff's valid Notice of Exercise.

21. The Warrant is governed by Nevada law. *See* **Exhibit B**, at 6, ¶ 12.

22. Under Nevada law, ordering specific performance is within the sound discretion of the Court. "Equity regards as done what in good conscience ought to be done. Specific performance is available when the terms of the contract are definite and certain, the remedy at law is inadequate, the plaintiff has tendered performance

and the court is willing to order it." *Stoltz v. Grimm*, 100 Nev. 529, 533, 689 P.2d 927, 930 (Nev. 1984).

23. Specific performance is particularly appropriate when the subject matter of the contract is property that is peculiar and unusual, and monetary damages would not adequately compensate the Plaintiff.

24. Alternatively, under California law, specific performance of a contract may be decreed whenever: (1) its terms are sufficiently definite; (2) consideration is adequate; (3) there is substantial similarity of the requested performance to the contractual terms; (4) there is mutuality of remedies; and (5) plaintiff's legal remedy is inadequate.

25. Here, Defendant's common stock is an asset of peculiar and unusual value, because its market value fluctuates constantly on the open market. Accordingly, Plaintiff can only be equitably compensated by receiving the 6,471,632 shares to which it is entitled, which may be worth far more in the future than they are today or on the date of breach.

26. Monetary damages would therefore not adequately compensate Plaintiff, and Plaintiff seeks specific performance under the Warrant: namely, for Defendant Two Rivers to be ordered to immediately issue 6,471,632 shares of its common stock to Plaintiff.

27. Furthermore, as described above, the terms of the Warrant are sufficiently definite; there was sufficient consideration for the Warrant; the decree of specific performance sought by Plaintiff is identical to the contractual terms; and there is a mutuality of remedies.

28. Two Rivers also agreed that the terms of the Warrant "may be enforced by a decree of specific performance." **Exhibit B**, at 6, § 13 ("Remedies"). Two Rivers has therefore waived in writing any objection to Plaintiff's request for specific performance in this matter.

29. Two Rivers' waiver was knowing, informed and intentional and given for good consideration as described herein.

30. In the alternative to specific performance, Plaintiff seeks monetary damages.

31. Plaintiff also seeks its reasonable and necessary attorneys' fees and costs, under Section 16 of the Warrant. *See id.* at 7, § 16.

# VI.
# PRAYER FOR RELIEF

32. WHEREFORE, Plaintiff requests that the Court enter an order mandating that Defendant Two Rivers Water & Farming Company immediately issue 6,471,632 shares of its common stock to Plaintiff Black Mountain Equities, Inc.

33. In the alternative, Plaintiff prays for monetary damages.

34. Plaintiff further requests its reasonable and necessary attorneys' fees and costs, under Section 16 of the Warrant.

35. Plaintiff further generally requests all relief, whether at law or in equity, the Court finds to be equitable and just.

Dated: April 1, 2021                    **SBAITI & COMPANY, PLLC**

/s/ *Mazin A. Sbaiti*
Counsel for Plaintiff
Email: mas@sbaitilaw.com